IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SUNG TRAN                          :        CIVIL ACTION
                                   :
         v.                        :
                                   :
DELAVAU, LLC, et al.               :        NO. 07-3550

MEMORANDUM

Bartle, C.J.                                    May 13, 2008

        Plaintiff Sung Tran ("Tran") instituted this employment
discrimination action against his former employer, Delavau L.L.C.
("Delavau") and Delavau's Human Relations Director, Alma
Dickerson ("Dickerson").  He also brings claims against Warehouse
Employees Union Local No. 169 ("Local 169" or the "Union"), which
was his collective bargaining representative at Delavau, and
against Andrew Montella ("Montella"), the President of Local 169
during the relevant time period.  The Amended Complaint contains
eight counts:  (1) Count I for hostile work environment under
Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C.
§ 2000e, *et seq.,* against Delavau; (2) Count II for retaliation
in violation of Title VII against Delavau; (3) Count III for
violations of the Pennsylvania Human Relations Act ("PHRA"), 43
Pa. Stat. § 951, *et seq.*, against Delavau; (4) Count IV for
intentional and/or negligent infliction of emotional distress
against Delavau; (5) Count V for breach of contract against Local
169; (6) Count VII for breach of fair duty of representation

against Local 169; (7) Count VIII for civil conspiracy to
interfere with civil rights against all defendants; and (8) Count
IX under federal civil rights laws, 42 U.S.C. §§ 1981-1988,
against all defendants.[1]  Now pending before the court are the
motions of Delavau, Dickerson, Local 169 and Montella to dismiss
in whole or in part Tran's Amended Complaint under Rule 12(b)(6)
of the Federal Rules of Civil Procedure.

I.

Under Rule 12(b)(6), a claim should be dismissed only
where it "appears beyond doubt that the plaintiff can prove no
set of facts in support of the claim which would warrant relief."
Cal. Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 143
(3d Cir. 2004) (citation omitted).  All well-pleaded allegations
in the complaint must be accepted as true, and all reasonable
inferences are drawn in favor of the non-moving party.  Id.  The
court may not assume the existence of facts that have not been
pleaded.  Associated Gen. Contractors of Cal. v. Cal. State
Council of Carpenters, 459 U.S. 519, 526 (1983); City of
Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 n.13 (3d
Cir. 1998).  In deciding a motion to dismiss, however, a court
may consider "the allegations contained in the complaint,
exhibits attached thereto, and matters of public record."
Beverly Enterprises, Inc. v. Trump, 182 F.3d 183, 190 n.3 (3d

---

1.  Plaintiff has withdrawn Count IV for intentional and/or
negligent infliction of emotional distress.  The Amended
Complaint never contained a Count VI.

Cir. 1999); <u>Pension Benefit Guar. Corp. v. White Consol. Indus.</u> <u>Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993).  We also may take into account "document[s] integral to or explicitly relied upon in the complaint ... without converting the motion [to dismiss] into one for summary judgment."  <u>In re Burlington Coat Factory Sec.</u> <u>Litig.</u>, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis removed) (quoting <u>Shaw v. Digital Equip. Corp.</u>, 82 F.3d 1194, 1220 (1st Cir. 1996)).  The defendant bears the burden of showing that no claim has been stated.  <u>Kehr Packages, Inc. v. Fidelcor, Inc.</u>, 926 F.2d 1406, 1409 (3d Cir.), <u>cert.</u> <u>denied</u>, 501 U.S. 1222 (1991).

## II.

Tran, who is Asian, began working for Delavau as a machine operator in August, 1997 on a temporary basis.  He was hired as an employee on September 28, 1998 and continued his employment there until he was laid off on March 30, 2005.  During his time at Delavau, Tran was promoted three times and received completion and achievement certificates in a number of training courses.  During all periods relevant to this action, Tran was also a member of Local 169.  At the time of Tran's layoff in 2005, the terms of his employment were governed by a Collective Bargaining Agreement ("CBA") entered into between Delavau and Local 169.

Pursuant to the CBA, Tran filed a grievance in February, 2002, claiming that he was being paid less than a lower-level employee who was recently hired.  Dickerson, finding

no contract violation, denied the grievance on behalf of Delavau on February 4, 2002.

A few months later, in July, 2002, Tran confronted a supervisor because Tran believed that the supervisor's wife had left a harassing telephone message on his home answering machine. An interaction between the two ensued, during which the supervisor physically threatened Tran.  According to Tran, although he was immediately cleared of any wrongdoing, he was informed the next day that he would be suspended for three days because of the verbal confrontation with the supervisor.

Tran filed an administrative charge of employment discrimination on October 22, 2002 ("2002 charge"), in which he alleged that his three-day suspension was in retaliation for having made his February, 2002 grievance.  He further asserted that Delavau had discriminated against him on the basis of his race with regard to pay and promotion.  The 2002 charge was filed with the Pennsylvania Human Relations Commission ("PHRC"), where it was assigned Charge No. 200203846, and with the Equal Employment Opportunity Commission ("EEOC"), where it was assigned Charge No. 17FA360378.  The PHRC dismissed the charge on November 22, 2005 "because the facts of the case [did] not establish that probable cause exist[ed] to credit the allegations of unlawful discrimination."  It is unclear whether a notice of right-to-sue was ever issued by the EEOC on this 2002 charge. Tran alleges in the Amended Complaint that a Notice of Right-to-Sue was issued by the EEOC as to the 2002 charge, but the Notice

-4-

Tran identifies refers to a later administrative charge, not the 2002 charge.  Pl.'s Am. Compl. at ¶¶ 8-9.

On March 30, 2005, Delavau gave Tran a layoff notice. Upon receiving the layoff notice, Tran asked to be transferred to a different position within the company, but the request was denied.  Although the stated reason for his layoff was a decline in business orders, Tran alleges that a white male employee was subsequently placed in Tran's former position on a full-time basis.  Tran contacted Local 169 "numerous times to ask that a grievance be filed on his behalf and to request reinstatement," but the Union each time denied his request.  Pl.'s Am. Compl. at ¶ 57.  A meeting took place on April 21, 2005 between Tran, Montella, and a representative from Delavau.  At that meeting Montella purportedly asked Delavau to rehire Tran, but Delavau did not do so.

On or about May 9, 2005, Tran filed a second administrative charge alleging employment discrimination ("2005 charge").[2]  In this charge, Tran contended that his March, 2005 termination was in retaliation for his filing the 2002 charge. The 2005 charge was dual-filed with the PHRC, where it was assigned Charge No. 200406937, and with the EEOC, where it was assigned Charge No. 17-2005-62092.  The EEOC issued a Notice of Right-to-Sue on July 13, 2007.  A fact-finding conference with

---

2.  Though the Amended Complaint does not contain any such allegation, when considering a motion to dismiss, we may rely on matters of public record and documents integral to the complaint. Beverly, 182 F.3d at 190 n.3; In re Burlington; 114 F.3d at 1426.

respect to this charge was held before the PHRC on July 20, 2005. Dickerson, the Human Relations Director at Delavau, stated at that hearing that the company posted a notice of job opportunities suitable for Tran and that this notice was sent to Local 169 with the request that it forward the list to Tran. Tran denies having received any such posting.  He maintains that he had a further conversation with Montella on November 16, 2005, during which Montella stated that Dickerson admitted to not having sent any job postings to the Union.  The PHRC dismissed the 2005 charge on October 4, 2005.  It found that the "facts of the case do not establish that probable cause exists to credit the allegations of unlawful discrimination."

The Amended Complaint also makes indirect reference to the filing of a union grievance with respect to his termination. Tran received a letter from the National Labor Relations Board ("NLRB") dated May 23, 2005 which informed him that it was declining to issue a complaint with respect to this matter as he had already filed a grievance and there was no impediment to proceeding with the grievance through the arbitration process outlined in the CBA.  Tran later received a letter from Montella, dated January 5, 2006, informing him that the Union, in consultation with its attorney, would not take Tran's grievance to arbitration.

Tran filed his original Complaint with the court on August 23, 2007.  He brought claims against Delavau for violations of Title VII, the PHRA, and for intentional and/or

-6-

negligent infliction of emotional distress, and a claim against
Local 169 for breach of contract.  He filed an Amended Complaint
on November 15, 2007, in which he added a claim against Local 169
for breach of duty of fair representation, added defendants
Dickerson and Montella, and brought claims against all defendants
for conspiracy and violation of various civil rights laws.

III.

We begin by addressing Tran's allegations against
Delavau, his former employer.

A.

Count I of the Amended Complaint alleges that Delavau
violated Title VII of the Civil Rights Act by subjecting Tran to
a hostile work environment.  42 U.S.C. § 2000e, *et seq.*  Delavau
contends that these allegations were not within the scope of
Tran's administrative charges and thus must be dismissed for
failure to exhaust his administrative remedies.

In this regard, our Court of Appeals has held:

> The causes of action created by Title VII do
> not arise simply by virtue of the events of
> discrimination which that title prohibits.  A
> complaint does not state a claim upon which
> relief may be granted unless it asserts the
> satisfaction of the precondition to suit
> specified by Title VII:  prior submission of
> the claim to the EEOC (or a state
> conciliation agency) for conciliation or
> resolution.

Hornsby v. U.S. Postal Service, 787 F.2d 87, 90 (3d Cir. 1986);
Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997).  In other
words, "suits in the district court are limited to matters of

-7-

which the EEOC has had notice and a chance, if appropriate, to settle." Anjelino v. N.Y. Times Co., 200 F.3d 73, 93 (3d Cir. 1999) (citation omitted). Whether the EEOC or state agency had notice of a claim depends on the contents of the administrative charge. Id. at 94. Thus, "[t]he parameters of a civil action in the District Court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination ...." Id. (citations and quotations omitted).

     As noted above, Tran filed two administrative charges of employment discrimination with the PHRC and the EEOC, one in 2002 and another in 2005. We must determine whether either of these charges contained allegations such that an administrative investigator would have reasonably been led to investigate whether Tran was subjected to a hostile work environment. There can be no dispute that Tran's 2005 charge contains no such allegations. That charge was clearly limited to Tran's claim that he was laid off in retaliation for filing the 2002 administrative charge. This conclusion is confirmed by the PHRC's "Findings of Investigation" with respect to the 2005 claim, which pertain only to a charge of retaliation.

     With respect to Tran's 2002 charge, we emphasize again that it is unclear whether Tran ever received a right-to-sue notice from the EEOC with respect to this charge. Receipt of such a notice is a prerequisite to bringing his employment discrimination claim in a court of law, and Tran has not

-8-

exhausted his administrative remedies unless and until such notice has been issued.  Ruehl v. Viacom, Inc., 500 F.3d 375, 386 n.14 (3d Cir. 2007).  Even crediting Tran's representation in the Amended Complaint that he has fully exhausted the administrative remedies with regard to this charge, we conclude that nothing in that charge would have reasonably led to an investigation of a hostile work environment.  The charge, which Tran himself characterizes as "regarding unequal pay and retaliation," Pl.'s Resp. in Opp. to Delavau's Mot. to Dismiss at 1, contains Tran's allegations that Delavau suspended him for three days in retaliation for filing a grievance with Local 169, and that he, as an Asian, was being paid less than African-American employees who were hired after him and performed jobs similar to his.  The charge makes no mention of a hostile work environment.  It does contain one factual allegation that Tran confronted his supervisor and accused his supervisor's wife of leaving a harassing message on his answering machine, but this lone averment would not reasonably lead an investigator to probe the possibility that Tran was subjected to a hostile work environment.

Consequently, we will grant the motion of Delavau to dismiss Count I of the Amended Complaint since Tran has not exhausted his administrative remedies.

B.

Count II of Tran's Amended Complaint alleges that Delavau retaliated against him "for protesting about unequal pay

-9-

and discriminatory treatment of Asian employees" in violation of Title VII of the Civil Rights Act.  Pl.'s Am. Compl. at ¶ 67. Tran contends that the retaliation consisted of "subjecting him to disparate treatment[,] demotion, a hostile work environment and eventually termination."  Pl.'s Am. Compl. at ¶ 68.  Delavau concedes that Tran has exhausted his administrative remedies for this count insofar as he relies on claims of retaliatory termination as set forth in his 2005 charge with the EEOC and PHRA.  Delavau maintains, however, that Count II must be dismissed to the extent that it alleges retaliation in the form of disparate treatment, demotion and a hostile work environment as Tran has failed to exhaust his administrative remedies with respect to these allegations.

        As with our analysis of Count I of the Amended Complaint, we must determine whether "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination" would have included an investigation of disparate treatment, demotion and hostile work environment. Anjelino, 200 F.3d at 94.  We have already concluded that Tran's allegations in his administrative charges are insufficient to support a claim for hostile work environment.  This includes the allegations of hostile work environment in Count II.  Further, neither the 2002 nor the 2005 administrative charge contains even the remotest reference to any demotion Tran may have suffered. Thus, we determine that he has failed to exhaust his

-10-

administrative remedies as to any claim of retaliation by
demotion.[3]

      Finally, we consider whether the allegations in Tran's
administrative charges potentially support a claim of retaliation
by disparate treatment.  We hold that both the 2002 and the 2005
administrative charges contain allegations which reasonably would
invite an investigation of disparate treatment against Tran.
Again assuming the accuracy of Tran's allegation in the Amended
Complaint that he exhausted his administrative remedies with
respect to the 2002 charge, that charge's allegations with
respect to wage discrimination clearly state that Tran believed
he was being paid less than similarly situated workers who were
not Asian.  Similarly, according to Tran's contentions in the
2005 charge, at the time he was laid off, a Caucasian employee
with significantly less seniority retained his position.

      Accordingly, we will dismiss Count II of the Amended
Complaint to the extent that it relies on hostile work
environment or demotion as its theory of retaliation.  The motion
to dismiss Count II will be denied insofar as it alleges
retaliation in the forms of disparate treatment and termination.

---

3.  Tran's claim of retaliation by demotion also fails because
the Amended Complaint does not contain any allegations that he
was ever demoted in either job title or pay.  The Amended
Complaint states only that Tran was promoted three times during
his employment with Delavau.  Pl.'s Am. Compl. at ¶¶ 11, 13 and
19.

C.

Count III of the Amended Complaint asserts state claims against Delavau for employment discrimination in violation of the Pennsylvania Human Relations Act, 43 Pa. Stat. § 951, *et seq.* Specifically, Tran contends that "over protestation of [Delavau's] discriminatory treatment of Asian employees, it subjected Plaintiff to unequal pay, disparate treatment, hostile work environment and termination."  Pl.'s Am. Compl. at ¶ 71. Delavau contends that Count III must be dismissed in part for failure to exhaust administrative remedies, that is, to the extent it alleges claims of discrimination based on anything but retaliatory termination.

The PHRA, like Title VII, requires that an individual alleging discrimination must exhaust administrative remedies before bringing suit.  <u>Clay v. Advanced Computer Applications, Inc.</u>, 559 A.2d 917, 919-20 (Pa. 1989); <u>Bailey v. Storlazzi</u>, 729 A.2d 1206, 1214 (Pa. Super. 1999).[4]  The standard whether a claim has been raised by a plaintiff in an administrative charge under the PHRA is also the same as the standard in a Title VII case. "The parameters of a subsequent private action in the courts is defined by the scope of the agency investigation which can reasonably be expected to grow out of the charge of

---

4.  A plaintiff's claim under the PHRA must be submitted administratively to the PHRC before he can bring an action with respect to those charges in court.  If the PHRC dismisses the administrative complaint or fails to enter a conciliation agreement within one year of the filing of the complaint, the plaintiff may proceed with the action in a court of law.

-12-

discrimination." <u>Bailey</u>, 729 A.2d at 1215 (<u>quoting</u> <u>Hicks v. ABT</u>
<u>Assocs., Inc.</u>, 572 F.2d 960, 965 (3d Cir. 1978) (internal
quotations and additional citations omitted).

        As our inquiry with respect to whether Tran has
exhausted his administrative remedies under the PHRA is identical
to that under Title VII, we reach the same conclusion.  Count III
of the Amended Complaint will be dismissed insofar as it is based
on hostile work environment.  However, Tran's allegations of
unequal pay were clearly alleged in the 2002 claim, his
allegations of wrongful termination were clearly in the 2005
claim, and his allegations of disparate treatment can be found in
both the 2002 and 2005 claims.  Thus, the motion of Delavau to
dismiss Tran's claims under the PHRA which are based on unequal
pay, disparate treatment and termination will be denied.

                              IV.

        We next turn to Tran's claims against his union, Local
169, under Counts V and VII of the Amended Complaint.  In Count
V, Tran brings a claim for breach of contract under state law.
He alleges that Local 169 breached its obligations under the CBA
when it failed to:  (1) file a grievance on Tran's behalf; (2)
take Tran's grievance to arbitration[5]; and (3) inform Tran of a
job posting for which he qualified.  In Count VII, Tran brings a
claim for breach of duty of fair representation against Local 169

_____

5.  Though it is not entirely clear from the Amended Complaint
itself on which grievance these allegations are based, it appears
that they are referring to Tran's grievance disputing the grounds
of his termination.

                             -13-

in Count VII of the Amended Complaint.  Specifically, he alleges
that:

> [B]oth the Union and employer conspired or
> cooperated together and allowed Plaintiff's
> unlawful layoff to stand, although there was
> no just cause for the layoff; and/or that the
> negotiations between Defendant employer and
> Defendant Union with respect to Plaintiff's
> grievance were spurious, carried on in bad
> faith, and deliberately designed to give
> Plaintiff the false impression that a sincere
> effort was being made by the Union Defendants
> to resolve the grievance by securing
> Plaintiff's reinstatement; and/or that
> unknown to Plaintiff, the officials and
> representatives of the Union Defendants who
> had promised to take Plaintiff's grievance to
> arbitration were secretly hostile to
> Plaintiff and for reasons of their own,
> wished to cooperate with the Defendant
> employer, and decided to acquiesce into
> Plaintiff's layoff.

Pl.'s Am. Compl. at [unnumbered ¶], Count VII.

Local 169 argues that Tran's claims under Counts V and
VII are preempted by federal law.  It then follows, Local 169
contends, that those claims are untimely under an applicable six
month federal statute of limitations.  Tran counters that his
claims against Local 169 are state law claims and, in the
alternative, that any applicable limitations period should be
tolled.  We first consider whether Tran's claims in Counts V and
VII are preempted by federal law.

Local 169 contends that the claims Tran characterized
as breach of the CBA should be considered under § 301 of the
Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), and
that the claims Tran characterized as breach of the duty of fair

representation should be considered under the National Labor
Relations Act ("NLRA"), 29 U.S.C. § 151, *et seq.*  We do not
agree that Tran's claims in Count V should be considered under
the LMRA.  Local 169 concludes without discussion that Tran's
claims against it for breach of contract are a "pure" action
under § 301.  This is incorrect.  Our Court of Appeals has
stated that "[a] 'pure' section 301 action involves a *union*
suing an *employer* for breach of a collective bargaining
agreement."  Serv. Employees Int'l Union Local 36, AFL-CIO v.
City Cleaning Co., Inc., 982 F.2d 89, 94 n.2 (3d Cir. 1992)
(emphasis added) (citing Int'l Ass'n of Machinists v. Allied
Prods. Corp., 786 F.2d 1561, 1563 (11th Cir. 1986).  In the
instant case, an *employee* is suing his *union* for breach of the
CBA.  Local 169 does not explain how these facts fit within the
definition of a pure § 301 action provided by our Court of
Appeals.  Further, though neither party addresses the matter,
there is some doubt as to whether Tran may sue the Union at all
for breach of the CBA as that agreement is a contract between
Delavau and Local 169, to which Tran is not a party.  See
Carrion v. Enter. Ass't Metal Trades Branch Local Union 638, 227
F.3d 29, 34 (2d Cir. 2000).  We have found no authority under
which a plaintiff has successfully sued his union for breach of
a collective bargaining agreement under the LMRA.

        Instead, regardless of how Tran characterized his
claims against Local 169, they are all, in substance,
allegations that the Union breached its duty of fair

-15-

representation, and we will consider them as such.  See Bechtel
v. Robinson, 886 F.2d 644, 649 (3d Cir. 1989).  Therefore, we
will turn our attention to Local 169's argument that Tran's
claims for breach of duty of fair representation are preempted
by the NLRA.

It is well established that "state-law claims are
presumptively preempted by the NLRA when they concern conduct
that is actually or arguably either protected or prohibited by
the NLRA."  Pa. Nurses Ass'n v. Pa. State Ed. Ass'n, 90 F.3d 797
(3d Cir. 1996) (citing Belknap, Inc. v. Hale, 463 U.S. 491, 498
(1983)); see also San Diego Bldg. Trades Council v. Garmon, 359
U.S. 236, 243-45 (1959).  The Supreme Court has twice had
occasion to determine whether the NLRA preempts claims brought
by an employee against his union for breach of the duty of fair
representation for failure to take an employee's grievance to
arbitration.

In Vaca v. Sipes, the plaintiff brought a claim
against his union for breach of duty of fair representation.  He
alleged that he had been wrongfully discharged by his employer
and that the union failed to take his grievance to arbitration
as it was obligated to do under the collective bargaining
agreement.  386 U.S. 171, 173 (1967).  The Supreme Court
determined that the union's duty of fair representation stemmed
from the obligation placed on it by the NLRA "to serve the
interests of all members without hostility or discrimination
toward any, to exercise its discretion with complete good faith

-16-

and honesty, and to avoid arbitrary conduct."  Id. at 177
(citing Humphrey v. Moore, 375 U.S. 335, 342 (1964)).   It
concluded that "it is obvious that [the employee's] complaint
alleged a breach by the Union of a duty grounded in federal
statutes, and that federal law therefore governs his cause of
action."  Vaca, 386 U.S. at 177 (citation omitted).

Similarly, in DelCostello v. International Brotherhood
of Teamsters, the plaintiff sued his employer under the LMRA for
wrongful discharge and sued his union for breach of its duty of
fair representation when it failed to take his wrongful
discharge grievance to arbitration.  462 U.S. 151, 154 (1983).
The Court explained that the plaintiff's claim alleging breach
of duty by the union was equivalent to an allegation of an
unfair labor practice under the NLRA and thus should be treated
as such.  Id. at 164-65.  The Court further stated that:

> Even if not all breaches of the duty [of
> fair representation] are unfair labor
> practices [under the NLRA], however, the
> family resemblance is undeniable, and indeed
> there is a substantial overlap. ...
> [D]uty-of-fair-representation claims are
> allegations of unfair, arbitrary, or
> discriminatory treatment of workers by
> unions - as are virtually all unfair labor
> practice charges made by workers against
> unions.

Id. at 170.

The instant case is no different.  Like the plaintiffs
in Vaca and DelCostello, Tran's allegations against Local 169
all revolve around his claim that the Union failed in its
obligations to aid him in vindicating his rights against his

-17-

employer under the CBA, particularly with respect to the
grievance and arbitration process.  Tran's argument that he is
asserting state law claims that are being asserted independently
of the NLRA is unavailing.  As stated earlier, when state law
claims "concern conduct that is actually or arguably either
protected or prohibited" by the Act, they are presumptively
preempted by the NLRA.  Belknap, 463 U.S. at 498-99.  Belknap
lays out two circumstances under which state law claims are not
preempted.  First, there is no preemption "if the behavior to be
regulated is behavior that is of only peripheral concern to the
federal law or touches interests deeply rooted in local feeling
and responsibility."  Second, no preemption exists if the
behavior to be regulated falls within "state regulation and
state-law causes of action concerning conduct that Congress
intended to be unregulated."  Id. at 498 (citations omitted).
The Vaca and DelCostello cases clearly have determined that
claims such as those Tran brings against Local 169 do not fall
within either of those exceptions.  Tran may not circumvent
preemption through an attempt at artfully pleading his
allegations as state claims.

        Thus, we must determine whether Counts V and VII are
untimely under the applicable federal statute of limitations.
On a motion to dismiss we may consider the issue of timeliness
under Rule 12(b)(6) of the Federal Rules of Civil Procedure
"where the complaint facially shows noncompliance with the
limitations period and the affirmative defense clearly appears

-18-

on the face of the pleading." Oshiver v. Levin, Fishbein,
Sedran & Berman, 38 F.3d 1380, 1385 n.1 (3d Cir. 1994). Tran
does not dispute that the statute of limitations for NLRA claims
is six months, as established in § 10(b) of the Act. 29 U.S.C.
§ 160(b); DelCostello, 462 U.S. at 171. Tran's original
Complaint was filed on August 23, 2007. Thus, if Tran's cause
of action for breach of duty of fair representation accrued
before February 23, 2007, it would be untimely.[6]

An employee's cause of action against a union for
breach of duty of fair representation accrues at the time the
employee discovered, or in the exercise of reasonable diligence
should have discovered, that the union will take no further
action on his grievance. Albright v. Virtue, 273 F.3d 564, 566
(3d Cir. 2001). Here, Local 169 asserts that Tran's claim for
relief accrued when he received the January 5, 2006 letter from
Montella, Local 169's president, which stated unequivocally that

---

6. The original complaint contained the allegations in Count V
of the Amended Complaint but not those in Count VII. Rule
15(c)(1)(B) of the Federal Rules of Civil Procedure provides,
however, that "[a]n amendment to a pleading relates back to the
date of the original pleading when ... the amendment asserts a
claim or defense that arose out of the conduct, transaction, or
occurrence set out - or attempted to be set out – in the original
pleading ...." In determining whether allegations should relate
back to an earlier pleading, "the court looks to whether the
opposing party has had fair notice of the general fact situation
and legal theory upon which the amending party proceeds." Bensel
v. Allied Pilots Ass'n, 387 F.3d 298, 309-10 (3d Cir. 2004).
Because Tran's allegations in Counts V and VII clearly arise out
of the same conduct, transaction or occurrence, we conclude that
the Union had fair notice of the allegations in the Amended
Complaint such that they should relate back to the original
Complaint filed on August 23, 2007.

the Union would not proceed to arbitration with respect to Tran's grievance.  Tran counters that the limitations period should be tolled as to him because Montella ended his letter by stating:  "[i]f I can be of assistance to you in seeking other employment, please do not hesitate to contact me."

Tran's argument fails.  First, the Amended Complaint contains no reference to the offer of help on which Tran now bases his argument.  We therefore cannot consider this factual allegation, as "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." Commw. of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F. 2d 173, 181 (3d Cir. 1988) (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F. 2d 1101, 1107 (7th Cir.), cert. denied, 470 U.S. 1054 (1984)).  Nor may the court assume the existence of facts that have not been pleaded.  Associated Gen. Contractors, 459 U.S. at 526.  Further, even were we to take into account the portion of the letter to which Tran now cites, it is insufficient to toll the limitation's period.  Under the "rays of hope" doctrine set forth by our Court of Appeals, "[i]f ... a union purports to continue to represent an employee in pursuing relief, the employee's duty of fair representation claim against the union will not accrue so long as the union proffers 'rays of hope' that the union can remedy the cause of the employee's dissatisfaction." Bensel v. Allied Pilots Ass'n, 387 F.3d 298, 305 (3d Cir. 2004) (citation omitted).  In the instant matter, Montella's statement clearly cannot be interpreted to mean that

-20-

the Union was continuing to represent Tran in pursuing relief. Moreover, Montella's alleged offer of assistance with other employment cannot possibly serve to remedy the cause of Tran's dissatisfaction – his termination by Delavau.

Accordingly, Tran's claim for relief against Local 169 for breach of duty of fair representation accrued in January, 2006, some eighteen months before the filing of his original complaint.  Counts V and VII of the Amended Complaint will be dismissed against Local 169 as untimely.

V.

Tran brings two additional claims against all of the defendants.  In Count VIII, he alleges that defendants civilly conspired to interfere with his civil rights, and in Count IX, he alleges violations of various federal civil rights laws, specifically, 42 U.S.C. §§ 1981, 1985(3), 1982 and 1986.

A.

Plaintiff sets forth his claim of civil conspiracy against defendants as follows:

> By willfully and intentionally conspiring to
> do the aforesaid civil violations and
> tortious acts in violations [sic] of the
> laws of the United States, defendant Lt.
> union [sic] and Mr. Montella, is [sic] also
> civilly liable to Plaintiff for *civil
> conspiracy* by and for acting in concert with
> defendant Delavau and Ms. Dickerson, or with
> two or more persons including herself, to
> violate 42 U.S.C. 1981-1988 et seq., see
> above, all incorporated herein by reference.
> Defendants owned [sic] Plaintiff a legal
> duty to obey-but failed to comply with-
> federal and state laws, supra, and to not

-21-

            violate Plaintiff's federal civil rights and
            other statutory rights.

Pl.'s Am. Compl. at [unnumbered ¶], Count VIII.

      Under the pleading requirement imposed by Rule 8(a)(2)
of the Federal Rules of Civil Procedure, an allegation of civil
conspiracy can withstand a motion to dismiss if it contains "a
short and plain statement of the claim showing that the pleader
is entitled to relief" such that the pleading "give[s] the
defendant fair notice of what the claim is and the grounds upon
which it rests." Bell Atlantic Corp. v. Twombly, 127 S. Ct.
1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
(1957)); see also Rose v. Bartle, 871 F.2d 331, 366 n.60 (3d
Cir. 1989) (citing 5 C. Wright & A. Miller, § 1233 at 181). The
Supreme Court has noted that, though a claim need not include
"detailed factual allegations" to survive a motion to dismiss
under Rule 12(b)(6), "[w]ithout some factual allegation in the
complaint, it is hard to see how a claimant could satisfy the
requirement of providing not only 'fair notice' of the nature of
the claim, but also 'grounds' on which the claim rests." Bell
Atlantic, 127 S. Ct. at 1964 (citing 5 C. Wright & A. Miller
§ 1202, at 94, 95).

      Our Court of Appeals has held that a conspiracy claim
must be supported by factual allegations that are "sufficient to
describe the general composition of the conspiracy, some or all
of its broad objectives, and the defendant's general role in
that conspiracy." Rose, 871 F.2d at 366 (citation and internal

-22-

quotations omitted).  At a minimum, to comply with the standard
under Rule 8(a), a complaint averring conspiracy must set forth
"a valid legal theory and ... adequately state[] the conduct,
time, place, and persons responsible." Adams v. Teamsters Local
115, 214 Fed. Appx. 167, 175 (3d Cir. 2007) (citations and
internal quotations omitted).  Of course, "[a]greement is the
sine qua non of a conspiracy," Panayotides v. Rabenold, 35 F.
Supp. 2d 411, 419 (E.D. Pa. 1999) (citing Spencer v. Steinman,
968 F. Supp. 1011, 1020 (E.D. Pa. 1997)).  A "mere incantation
of the words 'conspiracy' or 'acted in concert' does not
talismanically satisfy the Rule's requirements." Loftus v. Se.
Penn. Transp. Auth., 843 F. Supp. 981, 987 (E.D. Pa. 1994);
Adams, 214 Fed. Appx. at 175.

Tran's allegations with respect to his claim of civil
conspiracy read as follows:

> 70.  It is with information and belief that
> Mr. Montella and Ms. Alma Dickerson
> conspired and violated Mr. Tran's rights
> under the CBA and his right to remain free
> from retaliation and from racial
> discrimination.

> 71.  It is with information and belief that
> Mr. Montella and Ms. Dickerson agreed to
> 'Play' [sic] Tran in that each party blamed
> the other for violating Mr. Trans [sic]
> rights.

> 72.  Pursuant to this plan, Mr. Montella and
> the Union arbitratorily [sic], capriously
> [sic] and/or in a discriminatory manner
> refused to submit Mr. Tran's grievance to
> arbitration.

> 73.  Ms. Alma Dickerson and Delavau
> benefitted from this conspiracy as they were

-23-

> successful in no longer having Mr. Tran,
> someone who was a thorn in their sight
> [sic], due to him complaining about unequal
> pay and racial discrimination etc. [sic] no
> longer working for their company.

Pl.'s Am. Compl. at ¶¶ 70-74.

Tran's conclusory allegations fall short of even the lenient pleading standard established in Rule 8(a).  He fails to identify the objectives, time and place of the conspiracy.  He makes no allegations as to the roles of the defendants, and, with respect to defendants Delavau and Local 169, makes no allegations as to their culpable conduct, or even that they made any agreement with the other alleged co-conspirators. Additionally, his allegations pertaining to defendants Delavau and Dickerson violate the intra-corporate conspiracy doctrine, which states that an entity cannot conspire with one who acts as its agent unless that agent is acting in a purely personal capacity for her sole benefit at the time.  Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 313 (3d Cir. 2003).  Finally, Tran has failed to provide the defendants fair notice of what the claim against them is.  It is unclear from the complaint which civil rights Tran claims were violated by the defendants.  In sum, Tran's conspiracy allegations, as set forth in the Amended Complaint, neither allow the court to determine if Tran stated a valid claim for relief for civil conspiracy nor give the defendants fair notice of Tran's allegations.  Rose, 871 F.2d at 366 n.60.

-24-

Tran provides the court with no law or argument in response to defendants' contentions that the allegations in the Amended Complaint are insufficient to make out a claim of conspiracy.  Instead, he appears to attempt to modify and supplement the allegations of the Amended Complaint in his Memorandum in Opposition to Local 169's Motion to Dismiss.  We will not consider these submissions because, as noted previously, "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."  Ex rel. Zimmerman, 836 F. 2d at 181.

Consequently, we will grant the motions of all defendants to dismiss Count VIII of the Amended Complaint.

B.

Finally, we come to Tran's claims in Count IX that all defendants violated his rights under federal civil rights law, namely, 42 U.S.C. §§ 1981, 1982, 1985(3), and 1986.

Tran first maintains that "Defendants Union, Employer, Ms. Dickerson and Mr. Montella treated him differently than other person [sic] of different race, ethnicity and/or nationality in pay, promotion, terms of employment, subjected him to harassment, retaliation, unfair layoff, and failure to rehire" in violation of 42 U.S.C. § 1981.  Pl.'s Am. Compl. at [unnumbered ¶], Count IX.  Section 1981(a) provides that:

> All persons within the jurisdiction of the
> United States shall have the same right in
> every State and Territory to make and
> enforce contracts, to sue, be parties, give
> evidence, and to the full and equal benefit

-25-

> of all laws and proceedings for the security
> of persons and property as is enjoyed by
> white citizens, and shall be subject to like
> punishment, pains, penalties, taxes,
> licenses, and exactions of every kind, and
> to no other.

The Supreme Court has held that the "right to make and enforce contracts" under § 1981 provides a federal remedy against discrimination on the basis of race in private employment. Johnson v. Railway Exp. Agency, Inc., 421 U.S. 454, 459-60 (1975).

Defendants Delavau and Dickerson contend that this claim must be dismissed against them because it was not brought within the applicable statute of limitations.  According to these defendants, this court should borrow Pennsylvania's two-year statute of limitations applicable to personal injury actions and apply it to Tran's allegations under § 1981.  See id. at 462; Goodman v. Lukens Steel Co., 482 U.S. 656, 662 (1987).

We do not agree.  In Jones v. R.R. Donnelley & Sons Co., the Supreme Court re-considered its holding in Goodman in light of the congressional enactment of a catchall four-year statute of limitations for actions arising under federal statutes enacted after December 1, 1990, 28 U.S.C. § 1658.  541 U.S. 369, 371 (2004).  The plaintiffs in Jones brought an action under § 1981 for wrongful termination, refusal to transfer and hostile work environment.  Citing to its previous opinion in Patterson v. McLean Credit Union, 491 U.S. 164 (1989), the Court

determined that such causes of action were unavailable under
§ 1981 as it was originally enacted but could be brought under
§ 1981 as amended by the Civil Rights Act of 1991.  Id. at 372-
73.  The Court noted that Congress had responded to the Court's
holding in Patterson by, inter alia, adding a subsection (b) to
§ 1981 which stated that:  "[f]or purposes of this section, the
term 'make and enforce contracts' includes the making,
performance, modification, and termination of contracts, and the
enjoyment of all benefits, privileges, terms, and conditions of
the contractual relationship."  Id.; 42 U.S.C. § 1981(b).  Thus,
the question before the Jones court was whether the causes of
action at issue "arose under" § 1981, or the Civil Rights Act of
1991.  Id. at 373.  If the former, the plaintiffs' causes of
action would be governed by a borrowed state statute of
limitations for personal injury actions.  If the latter, those
causes of action would be subject to the federal four-year
catchall statute of limitations in § 1658 because the amendments
were enacted after December 1, 1990.

      The Jones court concluded "that a cause of action
'arises under an Act of Congress enacted' after December 1, 1990
– and therefore is governed by § 1658's 4-year statute of
limitations – if the plaintiff's claim against the defendant was
made possible by a post-1990 enactment."  Id. 382.  Because the
Jones plaintiffs' claims clearly were made possible only by the
amendments to § 1981 by the Civil Rights Act of 1991, which
extended the language of § 1981 to include "the making,

performance, modification, and termination of contracts," the
Court held that those claims were subject to the federal four-
year catchall period in § 1658.  Id.; 42 U.S.C. § 1981(b)

      Similarly, here, under the Court's decisions in
Patterson and Jones, Tran's claims regarding "pay, promotion,
terms of employment, ... harassment, retaliation, unfair layoff,
and failure to rehire" brought under § 1981 could not have been
brought under the original statute, only the statute as amended.
The Patterson court held that § 1981's applicability to the
right to "make and enforce [employment] contracts" did not
include "postformation conduct by the employer relating to the
terms and conditions of continuing employment."  Patterson, 491
U.S. at 179-80.  The Jones court confirmed that "hostile work
environment, wrongful termination, and failure to transfer
claims [arise] under the 1991 Act in the sense that [those]
causes of action [are] made possible by that Act."  Jones, 541
U.S. 369, 383 (2004) (internal quotations omitted); see also
Rivers v. Roadway Exp., Inc., 511 U.S. 298, 304 (1994).  Because
Tran's claims under § 1981 each regard "postformation conduct"
and "conditions of continuing employment," they arise under the
1991 Act and are subject to the federal four-year catchall
statute of limitations as set forth in § 1658.  Though it is
unclear from Tran's Amended Complaint exactly when each of his
allegations under § 1981 occurred, any of his claims brought
within the four-year limitations period against Delavau and
Dickerson are timely.

Furthermore, with respect to Tran's § 1981 claim, defendants Local 169 and Montella contend that Tran fails to set forth facts necessary to establish his claim against those defendants.  We first note that, contrary to defendants' assertions, plaintiff's civil rights claims are not subject to a heightened pleading requirement and are instead to be considered under the general notice pleading rule of Rule 8(a) of the Federal Rules of Civil Procedure.  Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 1994) (citing Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993) and Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002)); see also Loftus, 843 F. Supp. at 984-85.  As described earlier, Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Allston, 363 F.3d at 233; Fed. R. Civ. P. 8(a)(2).  A plaintiff need only supply enough detail in his allegations that the defendant is provided with fair notice of the claims against him.  Loftus, 843 F. Supp. at 986.  The amount of detail required for fair notice is commensurate with the substantive complexity of the cause of action, such that "the more substantively complex the cause of action, the greater the mandate for detail under [Rule 8]."  Id.

In the instant matter, Tran does not supply any detail, either factual or otherwise, as to how Local 169 or Montella discriminated against him "in pay, promotion, terms of employment [or] subjected him to harassment, retaliation, unfair

-29-

layoff, and failure to rehire."  As with Tran's conspiracy
claim, his only response to defendants' arguments in this regard
is an inappropriate attempt to modify and supplement the
allegations of the Amended Complaint.  See Ex rel. Zimmerman,
836 F. 2d at 181.  As a result, we will grant the motion of
Local 169 and Montella to dismiss Tran's § 1981 claims against
them.

        Next, we consider Tran's allegations under 42 U.S.C.
§ 1982.  Section 1982 provides that:  "All citizens of the
United States shall have the same right, in every State and
Territory, as is enjoyed by white citizens thereof to inherit,
purchase, lease, sell, hold, and convey real and personal
property."  In his complaint, Tran contends that his property
rights "to his job and to the contract he entered into with his
job and the union pursuant to the Collective Bargaining
Agreement" are protectable under § 1982.  Pl.'s Am. Comp. at
[unnumbered ¶], Count IX.

        A claim under § 1982 must be based on a property
interest of the type protected by the statutory language.  City
of Memphis v. Greene, 451 U.S. 100, 123-24 (1981).  This court
has routinely held that employment interests such as plaintiff
here asserts are not "property" for purposes of § 1982 which, by
its terms, is limited to discrimination with respect to real and
personal property.  Logrippo v. County of Montgomery, 2002 WL
79405 at *2 (E.D. Pa. Mar. 14, 2002); Altieri v. Pa. State
Police, 2000 WL 427272 at *15 (E.D. Pa. Apr. 19, 2000); Schirmer

-30-

v. Eastman Kodak, 1987 WL 9280 (E.D. Pa. Apr. 9, 1987), aff'd 86
F.2d 591 (3d Cir. 1989).  Since Tran does not allege any
impairment of his right to "inherit, purchase, lease, sell,
hold, [or] convey real [or] personal property," he has failed to
state a claim under § 1982.

Tran then brings a claim against all defendants under
§ 1985(3), which provides that:

> If two or more persons in any State or
> Territory conspire ... for the purpose of
> depriving, either directly or indirectly, any
> person or class of persons of the equal
> protection of the laws, or of equal
> privileges and immunities under the laws
> ...[,] the party so injured or deprived may
> have an action for the recovery of damages
> occasioned by such injury or deprivation,
> against any one or more of the conspirators.

Tran alleges that:

> The defendants conspired and violated Mr.
> Trans [sic] right to the protection of the
> U.S. Constitution and federal law against
> racial and other kinds of discrimination.
> The [sic] also conspired and violated his
> right to contract.  Mr. Tran alleges if he
> had been a white male or a black American
> male he would have been paid more money, he
> would have received promotions and he would
> not have been laid off.

Pl.'s Am. Compl. at [unnumbered ¶], Count IX.

Our Court of Appeals has described § 1985(3) as
"provid[ing] a cause of action under rather limited
circumstances against both private and state actors."  Brown v.
Philip Morris Inc., 250 F.3d 789, 805 (3d Cir. 2001).  To state
a claim under § 1985(3), a plaintiff must allege four things:

> (1) a conspiracy; (2) motivated by a racial
> or class based discriminatory animus
> designed to deprive, directly or indirectly,
> any person or class of persons of the equal
> protection of the laws; (3) an act in
> furtherance of the conspiracy; and (4) an
> injury to person or property or the
> deprivation of any right or privilege of a
> citizen of the United States.

Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238,
253-54 (3d Cir. 1999) (citation and internal quotations
omitted).  Section 1985(3) does not itself create any
substantive rights.  Instead, it "serves only as a vehicle for
vindicating federal rights and privileges which have been
defined elsewhere." Brown, 250 F.3d at 805 (citing Great Am.
Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 376 (1979)).
In particular, where, as here, a plaintiff brings a § 1985(3)
claim for a private conspiracy, he must allege, inter alia,
"that the coconspirators intended to deprive the victim of a
right guaranteed by the Constitution against private
impairment." Id. (citing Spencer v. Casavilla, 44 F.3d 74, 77
(2d Cir. 1994).

Under this standard, Tran's allegations under
§ 1985(3) are deficient in several respects.  At the outset, as
we have already determined, Tran fails properly to allege the
existence of a conspiracy, which is also fatal to his claim
under § 1985(3).  Ridgewood, 172 F.3d at 253.  Moreover, Tran
does not allege that the conspirators intended to deprive him of
a right guaranteed by the Constitution.  None of his purported
grounds under § 1985(3) can legitimately support such a claim.

-32-

A plaintiff cannot base a § 1985(3) claim against private actors on any statutory rights, including claims under Title VII, § 1981, and § 1982, or on contract and property rights.  <u>Great Am.</u>, 442 U.S. at 378 (Title VII); <u>Brown</u>, 250 F.3d at 805-06 (§ 1981, § 1982, contract, property).  In fact, "in the context of actions brought against private conspirators, the Supreme Court has thus far recognized only two rights protected under § 1985(3):  the right to be free from involuntary servitude and the right to interstate travel."  <u>Brown</u>, 250 F.3d at 805 (citations omitted).  Because Tran has not stated a claim under § 1985(3), we will dismiss Count IX of the Amended Complaint to the extent that it relies on that statutory provision.

Similarly, we will dismiss Count IX of the Amended Complaint insofar as it seeks to bring a claim under 42 U.S.C. § 1986.  It states, in relevant part, that:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented.

42 U.S.C. § 1986.  Here, Tran alleges that "[a]ll of the defendants conspired, knew that Mr. Tran would be, was and continuously [sic] being discriminated and retaliated against but did not do anything to aid in [sic] him [sic] being treated

-33-

differently on the basis of his race, and nationality."  Pl.'s
Am. Compl. at [unnumbered ¶], Count IX.

Tran's § 1986 claim will be dismissed for two reasons.
First, under the express terms of the statute, a plaintiff's
cause of action under § 1986 is dependent on his ability to
bring a claim under § 1985.  Rogin v. Bensalem Township, 616
F.2d 680, 696 (3d Cir. 1980), cert. denied, 450 U.S. 1029
(1981).  As we have already held that Tran has failed to state a
claim under §1985, he cannot maintain his § 1986 cause of action
either.  Second, the statute provides that "no action under the
provisions of this section shall be sustained which is not
commenced within one year after the cause of action has
accrued."  42 U.S.C. § 1986.  The last factual allegation
contained in the Amended Complaint concerned the letter from
Montella to Tran dated January 5, 2006, which informed Tran that
Local 169 would not proceed to arbitration with his grievance.
As the Amended Complaint, in which Tran's claim under § 1986 was
raised for the first time, was not filed until November 15,
2007, Tran's claim is plainly untimely.  Further, even if Tran's
allegations under § 1986 relate back to his original complaint
they are still untimely as that complaint was filed on
August 23, 2007.

Tran argues that the limitations period should be
tolled but offers no legal support for his position.  In
advancing his position, he references only material which was

-34-

not included in the Amended Complaint.  Accordingly, his claim
under § 1986 will be dismissed against all defendants.

                                VI.

         In sum, we will dismiss the following claims:  (1)
Count I for hostile work environment under Title VII against
Delavau; (2) Count II for retaliation in violation of Title VII
against Delavau insofar as it is based on claims of demotion or
hostile work environment; (3) Count III for violations o the
PHRA against Delavau insofar as it is based on claims of hostile
work environment; (4) Count V for breach of contract against
Local 169; (5) Count VII for breach of fair duty of
representation against Local 169; (6) Count VIII for civil
conspiracy to interfere with civil rights against all
defendants; and (7) Count IX insofar as it seeks to bring a
claim under § 1981 against Local 169 and Montella, under § 1982
against all defendants, under § 1985(3) against all defendants,
and under § 1986 against all defendants.  Remaining in the
action are:  (1) Count II for retaliation in violation of Title
VII against Delavau insofar as it is based on claims of
disparate treatment or termination; (2) Count III for violations
of the PHRA against Delavau insofar as it is based on claims of
unequal pay, wrongful termination and disparate treatment; and
(3) Count IX insofar as it seeks to bring a claim under § 1981
against Delavau and Dickerson.

                                -35-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SUNG TRAN                        :          CIVIL ACTION
                                 :
          v.                     :
                                 :
DELAVAU, LLC, et al.             :          NO. 07-3550

ORDER

AND NOW, this 13th day of May, 2008, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1)  the motion of defendant Delavau, LLC ("Delavau") to dismiss in part is GRANTED in part and DENIED in part;

(2)  the motion of defendant Delavau to dismiss is GRANTED as to the following claims in the Amended Complaint:

(a)  Count I;

(b)  Count II insofar as it is based on claims of demotion or hostile work environment;

(c)  Count III insofar as it is based on claims of hostile work environment;

(d)  Count VIII; and

(e)  Count IX insofar as it seeks to bring a claim under §§ 1982, 1985(3) and § 1986.

(3)  the motion of Delavau to dismiss is otherwise DENIED;

(4)   the motion of defendant Alma Dickerson to dismiss
is GRANTED in part and DENIED in part;

(5)   the motion of defendant Alma Dickerson is GRANTED
as to the following claims in the Amended Complaint:

(a)   Count VIII; and

(b)   Count IX insofar as it seeks to bring a
claim under §§ 1982, 1985(3) and § 1986.

(6)   the motion of defendant Alma Dickerson is
otherwise DENIED; and

(7)   the motion of defendant Warehouse Employees Union
Local No. 169 and Andrew Montella to dismiss is GRANTED.  Counts
V, VII, VIII and IX against Warehouse Employees Union Local 169
are dismissed and Counts VIII and IX against Andrew Montella are
dismissed.

BY THE COURT:


/s/ Harvey Bartle III
                              C.J.

-2-